```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

VINCENT MARK CASTILLO                              CIVIL ACTION

VERSUS                                             NUMBER: 06-9872

TROY SELF, ET AL.                                  SECTION: "A"(5)

## REPORT AND RECOMMENDATION

Presently before the Court are: 1) the motion to dismiss or, in the alternative, motion for judgment on the pleadings of defendants, Greg Champagne, Troy Self, Frank M. Simms, Jr., Shannon Brooks, Al Robinson, D.K. Duclisni, Leroy Hunter, David D. Napier, Unknown Beard, John Nowak, Steve Dufresne, Byron Alonzo, S. Jones Walker, E. Brass, and E. Fisher ("the St. Charles Parish defendants") and 2) the motion to dismiss of defendant, the U.S. Postal Service ("USPS"). (Rec. docs. 33, 35). Plaintiff's arguments in opposition to the defendants' motions can be found on page twelve of a combined pleading that he recently filed herein on March 19, 2007. (Red. doc. 48). For the reasons that follow, it

is recommended that defendants' motions be granted.

On November 13, 2006, pro se plaintiff, Vincent Mark Castillo, tendered the above-captioned complaint to the Court for filing. Named as defendants in the complaint are numerous state officials and agencies and the USPS with plaintiff premising his claims on 42 U.S.C. §1983 and state law. (Rec. doc. 1). Plaintiff's complaint consists of a series of numbered paragraphs containing conclusory allegations regarding events spanning some unidentified date in October of 2005 to the present. (Id.). Plaintiff's allegations largely center on his purported unlawful arrest and subsequent incarceration as well as the conditions of confinement reportedly existing at the St. Charles Parish Correctional Center. (Id.). Despite being ordered to clarify the allegations in his complaint, plaintiff's recent filing does little to accomplish that objective. (Rec. docs. 31, 48).

Turning to the motions that are presently before the Court, the St. Charles Parish defendants aptly note that plaintiff's complaint contains allegations of events that occurred more than one year before he tendered his complaint to the Court for filing. The moving defendants are correct that claims brought pursuant to §1983, just like those arising under Louisiana tort law, are subject to a liberative prescription period of one year. Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989); LSA-C.C. Art. 3492.

Although some of the occurrences set forth in plaintiff's complaint go back to some unspecified date in October of 2005, many of the events were alleged to have taken place on November 10 and 11, 2005.  (Rec. doc. 1, paras. 1, 2, 3, 5, 6, 7, 8, 9, 13).  As noted earlier, plaintiff tendered his complaint to the Court for filing on Monday, November 13, 2006.  He argues in his opposition papers that he attempted to submit his complaint on Friday, November 10, 2006, which was a legal holiday, thus extending the prescriptive period until the following Monday, November 13, 2006.  Plaintiff is correct that Veterans Day was formally celebrated on November 10, 2006, thus making it a legal holiday and extending the one-year prescriptive period to the close of the next business day, November 13, 2006. LSA-C.C.P. Art. 5059.  Giving plaintiff the benefit of the doubt, it will accordingly be recommended that any claims raised by his complaint which occurred more than one year prior to November 10, 2006, the date he allegedly attempted to tender his complaint to the Court for filing, be dismissed as prescribed.

For its part, the USPS moves for the dismissal of plaintiff's claim against it on the basis of sovereign immunity.  The USPS is indeed correct that the United States is immune from suit except in those instances in which it clearly and expressly waives its immunity. <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 114 S.Ct. 976, 1000

(1994).  This immunity extends to the government's officers and agencies.  Drake v. Panama Canal Commission, 907 F.2d 532, 534 (5th Cir. 1990).  Contrary to plaintiff's assertion, 28 U.S.C. §1367, the supplemental jurisdiction statute, does not constitute a waiver of the government's sovereign immunity with respect to pendant state law claims.  Wilkerson v. United States, 67 F.3d 112, 119 n. 13 (5th Cir. 1995); United States v. Certain Land Situated in the City of Detroit, 361 F.3d 305, 307 (6th Cir. 2004), cert. denied sub nom. 543 U.S. 1120, 125 S.Ct. 1115 (2005).  The motion to dismiss of the USPS should thus be granted as well.

Having addressed the motions that are presently before it, the Court will now perform its statutory duty of screening plaintiff's complaint, which was filed in forma pauperis, and to make a recommendation as to any claims that are frivolous or malicious or fail to state a claim upon which relief can be granted.  See 28 U.S.C. §1915(e)(2)(i) and (ii).

In numbered paragraph six of his complaint, plaintiff alleges that Harry J. Morel, Jr., District Attorney for the Parish of St. Charles, violated his rights under federal and state law by "... disallowing Castillo to pursue criminal charges against ... [Frank] Simms [, Jr. of the St. Charles Correctional Center]."  The concept of prosecutorial discretion stands as an impediment to the maintenance of plaintiff's claim against Morel because the decision

to prosecute one person rather than another one is left to the executive charged with enforcing the criminal laws of the state. Home Depot, Inc. v. Guste, 773 F.2d 616, 626 (5th Cir. 1985)(quoting United States v. Green, 697 F.2d 1229, 1235 (5th Cir.), cert. denied, 463 U.S. 1210, 103 S.Ct. 3542 (1983)). Furthermore, prosecutors are immune for acts taken in the prosecution initiation process. Hand v. Gary, 838 F.2d 1420, 1424 (5th Cir. 1988). Plaintiff's claim against Morel should thus be dismissed as frivolous under §1915(e)(2)(B)(i). Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993).

In numbered paragraph fourteen of his complaint, plaintiff alleges that on November 14, 2005, S. Jones Walker of the St. Charles Parish Correctional Center violated his federal and state rights by "... removing all staples from his paperwork and removing all papers from protective covering without his consent." The foregoing acts, which were undertaken when plaintiff was incarcerated, were not alleged to have resulted in a physical injury to plaintiff, making them subject to dismissal under 42 U.S.C. §1997e(e). Moreover, the act complained of falls woefully short, from an objective standpoint, of establishing a deprivation of the minimal measure of life's necessities so as to rise to the level of a constitutional violation. Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). The federal claim enumerated in paragraph

fourteen of plaintiff's complaint should thus be dismissed as frivolous. Any state law claim arising under that paragraph should be dismissed without prejudice under 28 U.S.C. §1367(c).

In numbered paragraph seventeen of his original complaint, plaintiff alleges that his federal and state law rights were violated when one E. Brass of the St. Charles Parish Correctional Center "... grabb[ed] Castillo's ear and forc[ed] him to the ground." Plaintiff does not allege that he was physically injured as a result of the incident and he gives no indication that he sought or received medical treatment for it, absent which the Court concludes that any injury was de minimis and is insufficient to establish an Eighth Amendment violation or plaintiff's entitlement to damages for emotional or mental suffering. Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997)(a sore, bruised ear lasting for three days was de minimis). Plaintiff's federal claim arising from this incident should be dismissed as frivolous under §1915(e)(2)(B)(i) and any pendant state law claims should be dismissed without prejudice pursuant to 28 U.S.C. §1367(c).

Finally, in numbered paragraph twenty of his complaint, plaintiff alleges that his various constitutional and statutory rights were violated by Shannon Brooks and Byron Alonzo of the St. Charles Parish Correctional Center by "... not allowing Castillo to finish brushing his teeth or have water to rinse out the

6

toothpaste." This allegation borders on being so insubstantial so as to bring the Court's jurisdiction to entertain it into question. <u>Dilworth v. Dallas County Community College District</u>, 81 F.3d 616, 617 (5th Cir. 1996). No physical injury is alleged to have resulted from this occurrence which is far from being so objectively serious so as to amount to a federal constitutional violation. <u>Woods</u>, 51 F.3d at 581. Any pendant state law claims stemming from this incident should be dismissed without prejudice pursuant to 28 U.S.C. §1367(c).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the motion to dismiss of the St. Charles Parish defendants be granted, dismissing all claims raised in plaintiff's complaint which occurred more than one year prior to November 10, 2006.

It is further recommended that the motion to dismiss of the USPS be granted and that plaintiff's claim against it be dismissed.

It is further recommended that plaintiff's claims against District Attorney Morel be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i).

It is further recommended that the federal claims raised in paragraphs fourteen, seventeen, and twenty of plaintiff's compliant be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and that any state law claims raised in those paragraphs be dismissed

without prejudice pursuant to 28 U.S.C. §1367(c).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  7th  day of _____May_____, 2007.

_____
UNITED STATES MAGISTRATE JUDGE