UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

VINCENT MARK CASTILLO                          CIVIL ACTION

VERSUS                                         NUMBER: 06-9872

TROY SELF, ET AL.                              SECTION: "A"(5)

                      **REPORT AND RECOMMENDATION**

     Presently before the Court is the Rule 12(b)(1), (5), and (6) motion to dismiss of defendants, the Louisiana Department of Corrections ("DOC") and the Louisiana Parole Board ("Parole Board"), and plaintiff's opposition thereto. (Rec. docs. 49, 51). For the reasons that follow, it is recommended that defendants' motion be granted.

     Pro se plaintiff, Vincent Mark Castillo, filed the above-captioned complaint pursuant to 42 U.S.C. §1983 and state tort law against some nineteen defendants, including the DOC and the Parole Board. (Rec. doc. 1). As respects the DOC, plaintiff alleged that it, along with other named and unnamed defendants, failed to provide inmates of the St. Charles Correctional Center, where

plaintiff was at one time incarcerated, with socks, boxers, undershirts, sweatpants, or sweatshirts as well as adequate recreation or "yard time". (Rec. doc. 1, p. 5). As for the DOC, plaintiff alleged that it unlawfully detained and wrongfully incarcerated him from some date in October of 2005 until October 4, 2006. (Rec. doc. 1, p. 2). In a subsequent filing, plaintiff asserted that the two moving defendants were being sued in their "official" capacities. (Rec. doc. 48, pp. 2, 7-8).

Defendants now move for the dismissal of plaintiff's claims against them based on insufficiency of service of process, lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted. (Rec. doc. 49). In his opposition to defendants' motion, plaintiff asserts that the moving defendants were properly served, that none of his claims are frivolous or meritless, and that jurisdiction exists by virtue of him pleading causes of action under §1983 and suffering damages in excess of $75,000 even though diversity of citizenship was not pled or is apparent. (Rec. doc. 51).

It is axiomatic that the Eleventh Amendment bars citizens' suits in federal court against states, their alter egos, and state officials acting in their official capacities. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313 (5th Cir. 1999)(citing Voisin's Oyster House v. Guidry, 799 F.2d 183, 185 (5th

2

Cir. 1986)). Moreover, neither states, their departments, or their officials acting in their official capacities are considered to be "persons" within the meaning of §1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989); Anderson v. Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985). The sovereign immunity embraced by the Eleventh Amendment is jurisdictional in nature. Cozzo v. Tangipahoa Parish Council, 279 F.3d 273, 280 (5th Cir. 2002)(citing Koehler v. Unites States, 153 F.3d 263, 267 (5th Cir. 1998)).

Because plaintiff's claims against the DOC and the Parole Board are barred by Eleventh Amendment immunity, defendants' motion to dismiss should be granted and plaintiff's claims against them should be dismissed. Although plaintiff attempts, in his opposition memorandum, to add as additional defendants Genie C. Powers, "Chief" of the Parole Board, and Richard Stalder, Secretary of the DOC, he has once again failed to comply with Local Rule 7.6E and those two officials are thus not properly before the Court.[1]

## RECOMMENDATION

For the foregoing reasons, it is recommended that defendants'

---

[1] At the end of his opposition to two other motions to dismiss that were previously filed in this case, plaintiff attempted to add various individuals as defendants in violation of Local Rule 7.6E. (Rec. docs. 47, 48). Since that time, plaintiff has made no effort to comply with that Local Rule.

motion to dismiss be granted and that plaintiff's claims against the Louisiana Department of Corrections and the Louisiana Parole Board be dismissed

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  16th  day of    May    , 2007.

_____
UNITED STATES MAGISTRATE JUDGE

4